**Nushin NAMAZI, Plaintiff–Appellant,**

v.

**UNIVERSITY OF CINCINNATI COLLEGE OF MEDICINE; John S. Hutton; Mary Heider; Robert Suriano; Peter Kotcher; Alexander Trott, Defendants–Appellees.**

No. 99–4382.

United States Court of Appeals, Sixth Circuit.

Feb. 8, 2001.

Before MARTIN, Chief Judge; SUHRHEINRICH, Circuit Judge; and OLIVER, District Judge.*

PER CURIAM.

From the fall of 1990 until her dismissal in early 1996, Nushin Namazi was variously enrolled in and on leave from the University of Cincinnati College of Medicine. Because we agree that her situation was handled professionally, dutifully, sensitively, and in conformity with established policies, we AFFIRM the District Court's summary judgment of Namazi's instant lawsuit against the school and five individual school officials.

Pursuant to 42 U.S.C. § 1983, Namazi's complaint asserted violations of the Fourteenth Amendment of the U.S. Constitution, the Federal Education Rights and Privacy Act, 20 U.S.C. § 1232g, and the Protection of Pupil Rights Amendment, 20 U.S.C. § 1232h. Notwithstanding the significant additional contents of Namazi's briefs to us, these are the only issues we may consider on appeal because they were the only issues contested in the District Court. *See Bailey v. Floyd Co. Bd. of Educ.*, 106 F.3d 135, 143 (6th Cir.1997). Moreover, Namazi's response to the defendants' motions for summary judgment on all three causes of action failed to address the latter two. Accordingly, this matter has been reduced to a Fourteenth Amendment case. *See Wayne Co. Neighborhood Legal Servs. v. National Union Fire Ins. Co.*, 971 F.2d 1, 3 (6th Cir.1992).

Although Namazi's filings are ambiguous as to whether she intends her generalized "Fourteenth Amendment" claim to rely upon the Equal Protection Clause or the Due Process Clause (and are further ambiguous as to whether a Due Process Clause argument would be one of substantive due process or procedural due process), we are persuaded that none of these theories are meritorious. *See, e.g., Regents of the Univ. of Michigan v. Ewing*, 474 U.S. 214, 223, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985); *Board of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78, 84–85, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978). We empathize with Namazi's personal hardships, and appreciate how difficult they made her attempt at medical

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

education, but the record documents that the defendants gave her every appropriate opportunity to succeed in her studies. Under these circumstances, Namazi has no legal redress.

Judgment AFFIRMED.