**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0346n.06

No. 12-1263

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 08, 2013*
DEBORAH S. HUNT, Clerk

ALLSTATE INSURANCE CO.,

      Plaintiff-Appellant,

v.

GLOBAL MEDICAL BILLING, INC., et al.,

      Defendants-Appellees.

_____/

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

BEFORE:    MERRITT, CLAY, and GRIFFIN, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Allstate Insurance Co. appeals the district court's dismissal of its complaint for lack of standing. Plaintiff filed a seven-count complaint against twenty-four individual and corporate providers of medical services, alleging a scheme to obtain payment on fraudulent insurance claims in violation of Michigan insurance law, *see* Mich. Comp. Laws § 500.4501, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and various common law theories. Because Plaintiff failed to raise its only potentially winning argument at the proper time, it cannot now receive a second bite at the apple. Therefore, we **AFFIRM** the district court's dismissal of Plaintiff's complaint.

**BACKGROUND**

Under Michigan's "no-fault" automobile insurance statute, insurers are required to pay personal protection insurance benefits without regard to fault when an individual suffers bodily injury as a result of an automobile accident. *See* Mich. Comp. Laws § 500.3105. If a person is injured in an automobile accident but has no insurance of his or her own, as would be the case with a passenger or a pedestrian, that person's claim for insurance benefits is assigned to an insurer by the Assigned Claims Facility ("ACF"), an arm of Michigan's Department of State. *Id.* § 500.3172. The insurer to whom a claim is assigned is then obligated to make "prompt payment" on the claim, and it will subsequently be reimbursed by the ACF for the payments, the insurer's related costs, and interest. *Id.* § 500.3175(1). This system, known as the Assigned Claims Plan, facilitates the payment of claims to uninsured individuals by essentially outsourcing the processing and adjustment of such claims to private insurance companies.

Plaintiff writes and sells automobile insurance policies in Michigan and is therefore subject to have claims assigned to it by the ACF. In its complaint, Plaintiff alleged that Defendants engaged in a complex scheme to submit false or fraudulent insurance claims to the ACF, that those claims were assigned to it pursuant to the Assigned Claims Plan, and that it made payments on those claims as required by law. Plaintiff alleged that it paid some $680,000 to Defendants over approximately a six-year period.

On December 23, 2009, Plaintiff filed a seven-count complaint in the Eastern District of Michigan against fourteen individuals and ten corporate entities. The complaint alleged that Defendants violated Michigan's insurance code and the federal RICO statute, along with common-

law civil conspiracy, payment under mistake of fact, silent fraud, unjust enrichment, misrepresentation, and practicing medicine without a license. Shortly thereafter, Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and failure to plead fraud with specificity pursuant to Rule 9(b). Among other arguments, the motion to dismiss asserted that Plaintiff lacked constitutional and prudential standing to sue because it had been fully reimbursed by the ACF for all allegedly fraudulent claims it had paid. (R. 15, Mot. to Dismiss 10–11.)

In its response to the motion to dismiss, Plaintiff entirely neglected to respond to the assertion that it had been fully reimbursed by the ACF. (*See* R. 23, Resp. to Mot. to Dismiss.) From Plaintiff's silence, the district court deemed that assertion undisputed, and it granted Defendants' motion to dismiss on the basis that Plaintiff lacked standing. A short time later, on March 9, 2011, Plaintiff filed a motion for reconsideration, asserting for the first time that its complaint sought recovery for non-reimbursed claims that it paid on behalf of its own insureds. On February 1, 2012, the district court denied Plaintiff's motion for reconsideration, and Plaintiff timely appealed.

## DISCUSSION

We review a dismissal for lack of standing *de novo*. *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012) (citing *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 348 (6th Cir. 2007)). Although the parties and the district court considered the issue of standing as a failure to state a claim under Rule 12(b)(6), it is more properly considered an attack on the court's subject-matter jurisdiction under Rule 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011); *see also Murray v. U.S. Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012)

(noting that a party must have standing to invoke the subject-matter jurisdiction of the federal courts). The distinction is important because a dismissal for failure to state a claim is considered an adjudication on the merits with full preclusive effect in later litigation, while a dismissal for lack of subject-matter jurisdiction does not operate as a merits adjudication and is presumably granted without prejudice. *See Pratt v. Ventas, Inc.*, 365 F.3d 514, 523 (6th Cir. 2004).

As with a motion under Rule 12(b)(6), a facial challenge to subject-matter jurisdiction under Rule 12(b)(1) requires the district court to accept all the factual allegations in the complaint as true. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). To adequately allege jurisdiction, the complaint "must contain non-conclusory facts which, if true, establish that the district court had jurisdiction over the dispute." *Id.*

In its motion for reconsideration before the district court and in its briefing before this Court, Plaintiff argued that its complaint described two categories of claims: those for which it had been reimbursed by the ACF, and those that it had paid on behalf of its own insureds. The district court interpreted the complaint to refer only to the claims that had been reimbursed by the ACF and, on that basis, dismissed the complaint for lack of standing. In its briefing before this Court, Plaintiff did not challenge the district court's conclusion with respect to the reimbursed claims, and at oral argument, Plaintiff confirmed its concession that it lacked standing to assert claims for which it had been reimbursed by the ACF.[1]

---

[1] Plaintiff could not easily challenge the district court's conclusion even if it had wished to do so because it cannot establish redressability, one of the elements that comprises "the irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The ACF has already repaid Plaintiff's losses. Any injury suffered as a result of Defendants' alleged fraud has therefore been remedied. Because Plaintiff cannot show that it "would benefit in a tangible

The only issue before us, then, is whether the district court erred when it failed to consider the argument raised in Plaintiff's motion for reconsideration—namely, that the complaint sought damages for fraudulent claims for which it had not been reimbursed. It is well established that an argument raised for the first time in a motion for reconsideration is "untimely and forfeited on appeal." *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012). This rule is prudential, not jurisdictional, and can be overlooked "in exceptional cases" or when the rule would produce a "plain miscarriage of justice." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). Plaintiff has not argued that this case presents such exceptional circumstances, nor has it attempted to excuse its failure to raise the argument about non-reimbursed claims prior to its motion for reconsideration.

Instead of attempting to excuse its own failure to raise the argument at the proper time, Plaintiff asserted repeatedly at oral argument that Defendants' motion to dismiss never stated that the ACF had reimbursed all of Plaintiff's claims. On the contrary, the motion to dismiss stated almost exactly that. Under the unmistakable heading that reads, in part, "Plaintiff has not suffered any damages," Defendants laid out the constitutional and prudential requirements of standing and stated, in no uncertain terms, that Plaintiff "lost any right to assert a claim for indemnity or reimbursement from Defendant when the [ACF] reimbursed Plaintiff for monies paid to Defendants in accordance with the Michigan No-Fault Act . . . ." (R. 15, Mot. to Dismiss 10.) The motion to dismiss went on to state that "Plaintiff has not suffered any money damages" because of the

---

way from the court's intervention," *Warth v. Seldin*, 422 U.S. 490, 508 (1975), it cannot establish standing under Article III.

"[r]eimbursements that have been provided to Plaintiff by the ACF." (R. 15, Mot. to Dismiss 11.) Having not suffered any damages, Defendants argued, Plaintiff lacked standing to maintain its complaint.

In its response to Defendants' motion to dismiss, Plaintiff seems to have misunderstood Defendants' standing argument. Plaintiff apparently believed that Defendants were challenging its status as a real party in interest under Federal Rule of Civil Procedure 17(a). (*See* R. 23, Resp. to Mot. to Dismiss 3–5.) It is unclear why Plaintiff would have thought this, as Defendants never mentioned Rule 17 in their motion to dismiss.[2] Nonetheless, Plaintiff never attempted to respond to or refute Defendants' standing arguments or the assertion that it was fully reimbursed by the ACF.

Only after the district court granted the motion to dismiss did Plaintiff argue that its complaint also asserted claims based on payments it made to Defendants on behalf of its own insureds. Plaintiff's failure to respond to Defendants' attack on its standing and its failure to refute the assertion that it had been fully reimbursed amounts to a waiver of the argument, and we decline to address it on appeal. *See Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *see also ZF*

---

[2] Rule 17(a)(1) states that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Although this inquiry has some overlap with the standing inquiry, in that both require a named party to have a real interest in the case, the two are conceptually distinct. The Federal Rules cannot expand the subject-matter jurisdiction of the federal courts; therefore, an analysis under Rule 17 can only be conducted after a party has established its standing to sue. *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531–32 (6th Cir. 2002).

*Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 299 (3d Cir. 2012) ("It is not the district court's responsibility to help a party correct an error or a poor exercise of judgment.").

Plaintiff further argues that it should be permitted to amend its complaint to clarify that it was seeking damages for non-reimbursed claims as well as those for which it had been reimbursed by the ACF. Not only was this argument raised for the first time on appeal, but it is also an attempt to resurrect the same argument that Plaintiff inexcusably waived by failing to raise it at the proper time before the district court. As with arguments raised for the first time in motions for reconsideration, arguments raised for the first time on appeal are generally deemed waived absent exceptional circumstances or a "plain miscarriage of justice." *Flowers*, 513 F.3d at 552. In order to encourage litigants to fully and completely address all issues before the district court in the first instance and avoid unfair surprises to the opposing party, we rarely exercise our discretion to address belatedly raised arguments. *See id*. Because Plaintiff makes no persuasive argument to excuse its failure to timely present to the district court the argument regarding its non-reimbursed claims or its request to amend the complaint to include such claims, we find that Plaintiff has not properly preserved these arguments for appeal.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Plaintiff's complaint.