NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0696n.06

No. 12-5852

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

NOTREDAN, L.L.C., a Tennessee Limited )
Liability Company, )
                       )
      Plaintiff-Appellant, )
                       )
v. )   ON APPEAL FROM THE UNITED
                       )   STATES DISTRICT COURT FOR THE
OLD REPUBLIC EXCHANGE )   WESTERN DISTRICT OF TENNESSEE
FACILITATOR COMPANY; REGIONS )
BANK, )
                       )
      Defendants-Appellees. )

FILED
*Jul 29, 2013*
DEBORAH S. HUNT, Clerk

Before: CLAY, SUTTON and GRIFFIN, Circuit Judges.

SUTTON, Circuit Judge.  In February 2011, the Old Republic Exchange Facilitator Company contracted to help Notredan, L.L.C., exchange a plot of land in Mississippi for another in Tennessee. For a fee, Old Republic agreed to transfer Notredan's Mississippi property to a buyer, use the proceeds to buy the Tennessee property, then turn the Tennessee property over to Notredan. The parties chose David J. Johnson as the closing agent for the Mississippi sale; his job was to receive the proceeds and transfer them to Old Republic. But Johnson never turned over the money. Johnson claimed that he accidentally wired the funds to an unrelated account; Notredan, that he pocketed the money himself.

Notredan sued Old Republic to recover the lost money. The federal district court, which had diversity jurisdiction, dismissed the complaint. Notredan appeals, and we affirm.

Notredan raises two theories of liability: (1) Old Republic is vicariously liable for Johnson's failure to turn over the proceeds of the sale, and (2) Old Republic breached its fiduciary duties. The district court resolved the case under Tennessee law, and neither party challenges its choice-of-law analysis.

Notredan's vicarious liability theory runs headlong into paragraph 21 of the contract, which says:

> [Old Republic] shall not be liable to [Notredan] for any failure or delay in performance by (i) compliance with governmental regulation, request or order, or (ii) circumstances beyond the reasonable control of Intermediary, including but not limited to Closing Agent's delay and/or failure to follow closing instructions and/or failure to perform, power failure, rolling blackouts, earthquake, fire, flood, war, insurrection, Act of God, accident, or strike or other labor disturbance, or interruption of or delay in transportation.

R. 1-2 at 12. The contract directs Johnson to "transfer to [Old Republic] funds . . . from the sale of the [Mississippi] Property," R. 1-2 at 7, and this lawsuit concerns Johnson's failure to carry out that task. The lawsuit thus concerns a "failure or delay in performance by . . . Closing Agent's . . . failure to perform"—precisely the circumstances in which the contract provides Old Republic "shall not be liable." Notredan's vicarious liability claim as a result fails under the terms of the contract.

Each of Notredan's responses lacks merit or has been forfeited. Notredan claims that the contract disclaims liability only with respect to *some* agent mistakes—those beyond Old Republic's "reasonable control." Appellant's Br. 34. Johnson's misdirection of the money, Notredan says, does

not qualify.  But we perceive no way to square this reading with the contract's text, which *defines* "circumstances beyond [Old Republic's] reasonable control" as "including . . . Closing Agent's delay and/or failure to follow closing instructions and/or failure to perform."  R. 1-2 at 12.  A court need not decide whether a particular closing-agent error is beyond Old Republic's control; the contract tells us they all are.

Besides, if Notredan's reading of the contract were right, the phrase "including . . . Closing Agent's . . . failure to follow closing instructions [or] to perform" would do no work.  Notredan's interpretation of these words would have us assess Old Republic's liability for a particular closing-agent error by asking whether that error was beyond Old Republic's control.  But had the "including" clause been omitted, we would have to do exactly the same thing.  Notredan's reading thus contradicts the principle that one should avoid giving a provision "an interpretation that causes it . . . to have no consequence."  Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 26 (2012); *Shell Oil Co. v. Prescott*, 398 F.2d 592, 593 (6th Cir. 1968).

Notredan adds that paragraph 21 applies only to failures to "perform all of the detailed, specific, and lengthy tasks associated with closing the sale . . . within the time constraints imposed by [the tax code and implementing regulations]."  Appellant's Br. 33.  But the contract disclaims liability with respect to "*any* failure or delay in performance," not just failures to perform minor tasks related to complying with legal deadlines.

As an alternative, Notredan proposes that we decline to enforce the provision because it appears in a contract of adhesion.  Contrary to Notredan's suggestion, Tennessee does not deny enforcement to all adhesive contracts.  *See Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn.

1996).  Instead, "[e]nforceability generally depends upon whether the terms of the contract are beyond the reasonable expectations of an ordinary person, or oppressive or unconscionable."  *Id.* Notredan has not preserved the contention that Old Republic's disclaimer of liability fulfills any of these criteria, having "not even attempted to argue" the point before the district court.  R. 31 at 16 n.38; *see Taft Broadcasting Co. v. United States*, 929 F.2d 240, 243–44 (6th Cir. 1991).

Notredan also says that the disclaimer of liability is an unenforceable exculpatory clause. Although Notredan's response to the motion to dismiss referred to paragraph 21 as an "exculpatory clause," it never argued *why* the provision fits into this legal category.  Nor did it ever explain how the clause violates public policy—which is what it takes to render an exculpatory provision unenforceable in Tennessee. *See Olson v. Molzen*, 558 S.W. 2d 429, 430–31 (Tenn. 1977).  Because "conclusory allegations and perfunctory statements, unaccompanied by citations or some effort at legal argument," do not preserve an issue, we conclude that Notredan has forfeited this argument as well.  *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009).

Also unavailing, indeed more obviously so, is Notredan's breach-of-fiduciary-obligations theory of liability.  Old Republic's motion to dismiss contended that Notredan's complaint did not state a claim for breach of fiduciary duties.  *See* R. 13-1 at 4 n.4.  Notredan's response to the motion to dismiss did not address this argument.  This failure amounts to a forfeiture of the fiduciary-duty claim. *See Allstate Ins. Co. v. Global Medical Billing, Inc.*, No. 12–1263, 2013 WL 1405142, at *4 (6th Cir. Apr. 8, 2013).

For these reasons, we affirm.