**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0086n.06

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>MICHELLE AGEE, et al.,</td><td>)</td><td rowspan="13"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiffs-Appellants,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>ALPHATEC SPINE, INC., a California</td><td>)</td></tr>
<tr><td>Corporation; PARCELL LABORATORIES,</td><td>)</td></tr>
<tr><td>LLC, a Delaware Limited Liability Company,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendants-Appellees.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

**FILED**
Feb 22, 2018
DEBORAH S. HUNT, Clerk

BEFORE: COOK, McKEAGUE, and STRANCH, Circuit Judges.

PER CURIAM. The plaintiffs in this medical products liability action allege injuries from the surgical use of defendants' bone-growth stimulant PureGen without their informed consent.

Defendant Alphatec Spine, Inc., moved to dismiss, arguing—among other things—that federal and Ohio law preempted the plaintiffs' claims. Though the plaintiffs amended their complaint in an effort to address Alphatec's arguments, the district court granted Alphatec's motion to dismiss with prejudice for two reasons. First, it characterized the amended complaint as "a rambling, disorganized mess . . . . composed primarily of conclusory assertions" that failed to satisfy pleading standards under Federal Rules of Civil Procedure 8 and 9. Second, the court decided that all of the plaintiffs' claims were either impliedly preempted by the Federal Food,

Case No. 17-3296
*Agee, et al. v. Alphatec Spine, Inc., et al.*

Drug, and Cosmetic Act or barred by the Ohio Products Liability Act ("OPLA").[1] The plaintiffs

ask us to reverse and remand, but they forfeited key arguments raised by this appeal.

The plaintiffs neglected to respond to Alphatec's preemption arguments when

appropriate in district court. Though their response described the doctrine of implied

preemption, their brief offered no analysis challenging its applicability to their claims. Their

response instead analyzed *express* preemption, which Alphatec never invoked. Nor did the

plaintiffs confront Alphatec's other argument—that the OPLA bars their common-law

negligence claim. They thus forfeited consideration of those issues on appeal. *See, e.g.*,

*Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013)

(holding that a plaintiff-appellant forfeited an argument on appeal by not providing a substantive

response to the issue in its opposition to the defendant-appellee's motion to dismiss); *see also*

*United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) (litigants must present

more than "conclusory allegations and perfunctory statements, unaccompanied by citations or

some effort at legal argument" to preserve an issue for appeal).

True, the plaintiffs preserved the issue of whether their complaint meets federal pleading

standards. Yet, even if we agreed that the district court abused its discretion in that regard, the

plaintiffs' forfeiture of any challenge to the court's preemption decisions fully determines this

appeal inasmuch as the forfeited arguments encompass all of the plaintiffs' causes of action.

We therefore AFFIRM the judgment of the district court.

---

[1] Co-defendant Parcell Laboratories moved to dismiss for lack of personal jurisdiction. The district court mooted this issue when it dismissed the suit generally.