NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0499n.06

Case No. 21-1091

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ARBRE FARMS CORPORATION, | ) | **FILED** |
| | ) | Nov 02, 2021 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| GREAT AMERICAN E&S INSURANCE | ) | UNITED STATES DISTRICT |
| COMPANY, BERKLEY ASSURANCE | ) | COURT FOR THE WESTERN |
| COMPANY, and STARR SURPLUS LINES | ) | DISTRICT OF MICHIGAN |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

BEFORE: SILER, KETHLEDGE, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. This appeal arises from the recall of bad green beans. The grower, Arbre Farms Corporation, sought coverage for the recall under an insurance policy issued by Great American E&S Insurance Company. When Great American denied coverage, Arbre Farms brought suit under Michigan law. Great American moved to dismiss the complaint. The district court granted the motion, holding that denial of coverage was proper because the policy excluded coverage when the insured is aware of a pre-policy circumstance that could lead to a covered product recall. For the first time on appeal, Arbre Farms argues that the policy's exclusion is ambiguous. Because it forfeited that argument and the district court did not otherwise err, we affirm.

I.

Arbre Farms is a Michigan corporation that grows over fifteen types of vegetables and sells them to food manufacturers and distributors. It discovered in early 2019 that product sent to a

customer included vegetables that, in 2017, tested positive for the pathogenic bacteria listeria monocytogenes (LM). The LM-positive product was quarantined from sale, but accidental mixing caused the contamination. When Arbre Farms discovered the contamination, it notified the U.S. Food and Drug Administration (FDA) and recalled the product. Michigan's Department of Agriculture & Rural Development (MDARD) also got involved, ultimately determining that around eight million pounds of product had to be destroyed.

Facing this loss, Arbre Farms turned to its insurers, Great American E&S Insurance Company, Berkley Assurance Company, and Starr Surplus Lines Insurance Company. Great American had sold Arbre Farms a product-recall insurance policy that provided up to $5,000,000 of coverage for insured events.[1] The policy period lasted from October 1, 2018, to October 1, 2019. Three types of "insured events" were covered under the policy: accidental contamination, adulteration, or mislabeling of a product; malicious product tampering; and product extortion. Great American agreed to coverage only when Arbre Farms "first discovers the INSURED EVENT during the policy period." And Exclusion G barred coverage for "[a]n INSURED EVENT or any circumstance that could give rise to an INSURED EVENT that is discovered, known by or should reasonably have been known by the INSURED prior to the inception of the Policy Period[.]"

Great American denied coverage, and Arbre Farms brought this diversity action. Its causes of action included a breach-of-contract claim against Great American; a request for declaratory relief against Great American, Berkley, and Starr; and a claim that Great American violated Michigan's Uniform Trade Practices Act. Great American moved for dismissal, arguing that

---

[1] Berkley and Starr both issued policies with coverage limits of $5,000,000 each, to be paid out if the Great American policy were exhausted. Both policies are subject to the terms of the Great American policy, so a determination that coverage is excluded under Great American's policy applies with equal force to Berkley and Starr. They appeared below to support Great American's motion to dismiss.

coverage was barred because (1) Arbre Farms first discovered the insured event outside the policy period and (2) Arbre Farms was aware of pre-policy circumstances that could give rise to an insured event, triggering Exclusion G. It attached several exhibits to its motion, including government web pages describing LM and past food recalls, a draft MDARD report describing the Arbre Farms investigation, a draft MDARD product-release notice, an FDA inspection report, an MDARD food-establishment-evaluation report, a copy of the Great American policy, and a copy of its denial letter.

In response, Arbre Farms argued that the district court could not consider Great American's attached exhibits without converting the motion to one for summary judgment. It then argued that, whether viewed as a motion to dismiss or a motion for summary judgment, Arbre Farms would prevail because the initial contamination and quarantine of product was not an insured event. It did not address the meaning or application of Exclusion G. Additionally, it included several exhibits of its own. Among them was a declaration of Dylan Marks, president of Arbre Farms' parent company, which acknowledged that the LM-positive product referenced in the complaint was a 229-pound lot of green beans that tested positive in 2017.

The district court granted Great American's motion to dismiss. It declined to address whether to exclude Great American's attached exhibits, finding "it need only examine the insurance contract" to resolve the motion. It further declined to address Great American's first discovery argument because it found that Exclusion G barred coverage. First, it agreed that the 2019 contamination was an insured event. But it agreed with Great American that LM-positive green beans, which Arbre Farms was aware of and quarantined in 2017, before the policy period, triggered Exclusion G. Noting that Arbre Farms did not address Exclusion G in its response, the district court held that "[t]he term 'circumstance' may be broad but it is not ambiguous, and the

clause as a whole clearly applies to the situation at issue." It dismissed the complaint with prejudice, and this timely appeal followed.[2]

## II.

We must first address whether Arbre Farms preserved its contract-interpretation arguments on appeal. Great American argued in its motion to dismiss that positive LM test results and subsequent quarantines meant that Arbre Farms was aware of circumstances that could give rise to an insured event and thus the broader language in Exclusion G applied. In response, Arbre Farms did not dispute Great American's reading of Exclusion G and argued only that it failed to meet its burden to prove that any limitations or exclusions applied. In adopting Great American's reading of Exclusion G, the district court noted Arbre Farms's failure to address the issue.

Now on appeal, Arbre Farms devotes most of its argument to the proper interpretation of Exclusion G. Great American argues that Arbre Farms forfeited and waived these arguments by failing to make them below. Forfeiture is "a party's 'failure to make the timely assertion of a right'" and waiver "is the intentional relinquishment or abandonment of a known right." *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 443 (6th Cir. 2021) (quoting *United States v. Petlechkov*, 922 F.3d 762, 767 (6th Cir. 2019)). Forfeiture fits best here.

In general, we will not consider arguments presented for the first time on appeal. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (collecting cases); *Mich. Bell Tel. Co. v. Strand*, 305 F.3d 580, 590 (6th Cir. 2002). Great American argued below that the phrase "any circumstance that could give rise to an INSURED EVENT" in Exclusion G is broad enough to exclude coverage when the insured is aware of a positive LM test and product quarantine.

---

[2] Great American includes an "argument for cross-appeal" in its brief. But it did not file a notice of cross-appeal within the fourteen-day window of Federal Rule of Appellate Procedure 4(a)(3), so we decline to hear its cross-appeal.

Although Arbre Farms acknowledged Michigan's principles of contract interpretation, it focused its arguments only on the scope of materials the district court could consider. It never disputed Great American's reading of Exclusion G, thus forfeiting its argument that Exclusion G is ambiguous. *See, e.g.*, *Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (citations omitted) (finding forfeiture where a party failed to meaningfully respond in opposition to a motion to dismiss); *see also United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) ("To preserve [an] argument . . . the litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it.").

Arbre Farms claims it *did* respond to Great American's arguments because it objected to the district court's potential consideration of the exhibits attached to the motion to dismiss. But that argument mischaracterizes Great American's motion. It asked the district court to take two steps: adopt its reading of Exclusion G *and* consider the FDA and MDARD documents in applying the exclusion. The district court agreed with Great American's interpretation of Exclusion G but did not need to consider outside documents to apply it. Like the district court, we read Great American's brief as making two distinct arguments. That Arbre Farms addressed the scope of facts available to the district court in applying Exclusion G does not preserve an argument about the text of the provision itself.

## III.

That leaves Arbre Farms' argument that the district court erred in venturing outside its complaint to apply Exclusion G. When "matters outside the pleadings are presented to and not excluded by" a district court, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But district courts can consider certain items without converting the motion to one for summary judgment, including "exhibits attached to defendant's motion to

dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). If it goes beyond this limit and treats the motion to dismiss as a summary-judgment motion, it must give both parties notice and a "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 504 (6th Cir. 2006) (citations omitted).

The district court claimed to limit its consideration here to the insurance contracts referenced in the complaint. But it proceeded to rule that the LM-positive green beans quarantined in September 2017 triggered Exclusion G's coverage. That date is crucial, as Exclusion G is only triggered by circumstances that were "known by or should reasonably have been known by [Arbre Farms] prior to the inception of the Policy Period." That date is also nowhere to be found in the complaint, which merely references "product which had been quarantined from sale due to" a positive LM test and to products which "had previously tested positive for LM." So the parties dispute whether the district court stayed within the bounds of the pleadings or "effectively converted" the motion to one for summary judgment in acknowledging this undisputed date. *Max Arnold & Sons, LLC*, 452 F.3d at 504.

We need not answer this question because we would affirm either way. If the date is considered part of the pleadings, the district court did not err in considering it. And if the district court converted Great American's motion into one for summary judgment without notice, we can only reverse if the parties lacked "a sufficient opportunity to present pertinent materials." *Id.* Here, Arbre Farms both raised summary-judgment arguments and attached its own exhibits in support of its arguments. We have held that "failure to exclude . . . extraneous materials is not reversible error" in similar circumstances. *See, e.g.*, *Northville Downs v. Granholm*, 622 F.3d 579, 585–86

(6th Cir. 2010); *Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 402 F. App'x 990, 993 (6th Cir. 2010). Arbre Farms had sufficient opportunity to respond to any information outside the pleadings considered by the district court, so we find no reversible error here.

IV.

Arbre Farms did not preserve its argument that Exclusion G is ambiguous and has not identified reversible error in the district court's consideration of a pre-policy contamination and quarantine of green beans. For those reasons, we affirm the judgment of the district court.