*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0267p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
　　　　　　　　　　　　*Plaintiff-Appellee,*

　　*v.*

HUNTINGTON NATIONAL BANK,
　　　　　　　　　　　　*Defendant-Appellant.*

No. 08-1729

———————————

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 06-00290—Robert Holmes Bell, District Judge.

Argued: April 20, 2009

Decided and Filed: July 27, 2009

Before: BOGGS, Chief Judge; MOORE and SUTTON, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Jeffrey O. Birkhold, WARNER NORCROSS & JUDD LLP, Grand Rapids, Michigan, for Appellant. Matthew G. Borgula, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Jeffrey O. Birkhold, John J. Bursch, Gaëtan Gerville-Réache, WARNER NORCROSS & JUDD LLP, Grand Rapids, Michigan, for Appellant. Matthew G. Borgula, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

———————————

**OPINION**

———————————

SUTTON, Circuit Judge. At stake in this appeal is whether Huntington National Bank forfeited its right to argue that it was a bona fide purchaser for value in a criminal forfeiture action filed by the United States. We hold that it did not, and we therefore reverse and remand for further proceedings.

1

I.

A.

Federal law allows third parties to assert an interest in property subject to criminal forfeiture to the United States. 21 U.S.C. § 853(n). To make the claim, the third party must file a petition with the district court, *id.* § 853(n)(2); *see id.* § 853(l), which must conduct a hearing to determine the bona fides of the property interest, *id.* § 853(n)(2). The third party must prove by a preponderance of the evidence that one of two things was true at the time of the forfeitable acts: (1) The claimant held a "legal right, title, or interest in the property" that was "superior" to the criminal defendant's (and thus the government's) interest in the property, *id.* § 853(n)(6)(A); or (2) the claimant was a "bona fide purchaser for value" of a "right, title, or interest in the property" who did not have "cause to believe that the property was subject to forfeiture" when it obtained the interest, *id.* § 853(n)(6)(B).

B.

Between 2002 and 2004, the leaders of several companies collectively known as CyberNET defrauded more than 40 lending institutions of more than $100 million. During these years, Huntington extended a multimillion-dollar line of credit to CyberCo Holdings, Inc., one of the CyberNET companies. As collateral for the line of credit and other liabilities, CyberCo granted Huntington a security interest in nearly all of its assets. One such asset was a bank account CyberCo opened with Huntington, into which CyberCo deposited receipts of the fraud.

In November 2004, the federal government seized ten CyberNET bank accounts at eight different banks, including CyberCo's account at Huntington. Complaint at 1, *United States v. One Huntington Nat'l Bank Account No. 01159630935 in the Amount of $705,168.60*, No. 1:05-CV-61 (W.D. Mich. Jan. 24, 2005). The government eventually sought criminal forfeiture of the Huntington account. After the CyberNET principals agreed to forfeit their interests in the account, the district court entered a preliminary order transferring the account to the United States.

Huntington filed a claim, alleging that a perfected security interest permitted it to retain the account. The district court set a hearing to resolve the validity of Huntington's

claim (among many other claims), and it invited prehearing briefing on the issue. Huntington and the government filed briefs and the district court held a hearing.

The district court denied Huntington's claim under § 853(n)(6)(A), reasoning that, because the government's stake in the account predated Huntington's stake in it, Huntington did not have a "superior" interest to the government. Huntington filed a motion for reconsideration, arguing that the timing of its acquisition of the security interest was irrelevant because it was entitled to relief under the second statutory ground: that it was a "bona fide purchaser" under § 853(n)(6)(B). The district court denied the motion, concluding that Huntington had forfeited this argument by failing to raise it earlier.

II.

This appeal presents one issue: Did Huntington forfeit its bona fide purchaser argument? We give clear-error review to the district court's factual assessment of what happened below and, as the parties agree, we give de novo review to its conclusion that the argument was forfeited. *See United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 447 (6th Cir. 2005).

A forfeiture claimant may obtain relief on one of two grounds: that its interest is "superior" to the government's or that it was a "bona fide purchaser for value." 21 U.S.C. § 853(n)(6). The parties agree that Huntington's main argument below was that it held a "superior" interest to the government. And the parties apparently agree that the district court correctly rejected this argument, as Huntington does not challenge the district court's disposition of it.

The question is whether Huntington adequately preserved the second ground for relief in one of these ways: (1) It included a footnote in its merits brief to the district court, which explained that, while it was not relying on the bona fide purchaser argument at that point, it reserved the right to do so later; (2) it orally raised—and relied on—the bona fide purchaser argument at the forfeiture hearing; and (3) it raised the bona fide purchaser argument in its motion for reconsideration.

Had Huntington tried to preserve its argument in these ways at the court of appeals, it would face an uphill climb. Generally speaking: (1) a party does not preserve an

argument by saying in its opening brief (whether through a footnote or not) that it may raise the issue later, for example, in a reply brief or at oral argument, *see Miller v. Admin. Office of Courts*, 448 F.3d 887, 893 (6th Cir. 2006); *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006); (2) a party does not preserve an argument by raising it for the first time at oral argument, *see United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 450 n.6 (6th Cir. 2008); and (3) a party does not preserve an argument by raising it for the first time in a motion for reconsideration or rehearing, *United States v. Levy*, 416 F.3d 1273, 1275–76 (11th Cir. 2005); *see also Bickel v. Korean Air Lines Co.*, 96 F.3d 151, 153–54 (6th Cir. 1996). No doubt exceptions abound—when intervening authority arises or when the litigant otherwise offers a legitimate explanation. But Huntington offered no such excuse here.

Should, however, the same rule apply to district court proceedings? In at least two respects, the same approach governs trials. There, too, a litigant does not preserve an issue merely by adverting to the possibility that it may mention the argument later. To "raise" an argument, a litigant must provide some minimal argumentation in favor of it. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1398–99 (6th Cir. 1995). Not only did Huntington's footnote fail to do that, but the bank expressly disclaimed making the argument, saying it "w[ould] not address its status [as] a bona fide purchaser," ROA I at 462 n.6. Likewise, absent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

The key question, then, is whether raising an issue for the first time at a district court hearing ought to be treated the same as raising it for the first time at an appellate oral argument. We think not—at least as a general rule—because the two settings often have little in common. Some trial-level proceedings do not contemplate pre-hearing briefs; some do not require them; and it is the exception, not the rule, to establish a rigid three-stage briefing schedule in the district court. *See* 5 Charles Alan Wright et al., Federal Practice and Procedure § 1192 (3d ed. 2004) (noting that Federal Rule of Civil Procedure 7(b) does not require litigants to file briefs with motions, but that some district courts have adopted local rules to that effect); *id.* § 1193 (noting that some motions "may be made orally" and giving as examples "motion[s] to exclude or strike evidence, for a mistrial, or for judgment as a

matter of law"); 3B Charles Alan Wright, et al., Federal Practice & Procedure § 801 (3d ed. 2004) (noting that Federal Rule of Criminal Procedure 47 allows courts to entertain oral motions and does not require parties to file briefs or memoranda of law in support of their written motions).  Apparently appreciating these differences, we have held that litigants may preserve an argument in the district court by "rais[ing]" it for the first time at a hearing, even when they neglected to make the argument in a pre-hearing filing.  *See United States v. Buckingham*, 433 F.3d 508, 512–13 (6th Cir. 2006); *Wayne County Neighborhood Legal Servs. v. Nat'l Union Fire Ins. Co.*, 971 F.2d 1, 3 (6th Cir. 1992); *see also Bertl v. City of Westland*, No. 07-2547, 2009 WL 247907, at *3 (6th Cir. Feb. 2, 2009); *United States v. Howard*, 216 F. App'x 463, 469 (6th Cir. 2007).

In view of these precedents, we cannot dispose of this case solely on the ground that Huntington raised its bona fide purchaser argument for the first time at the hearing.  We must consider how the bank presented the argument at the hearing and whether that sufficed.  Although we have not "articulated precisely" what a party must do (or how much it must say) in the district court to "raise" an argument, *Scottsdale*, 513 F.3d at 553, we have identified some guideposts.  At a minimum, a litigant must state the issue with sufficient clarity to give the court and opposing parties notice that it is asserting the issue.  *Id.* at 552; *Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005).  Yet notice by itself does not suffice.  Otherwise, a litigant could preserve an issue merely by summarily mentioning it, and we know that conclusory allegations and perfunctory statements, unaccompanied by citations or some effort at legal argument, do not meet this standard.  *See Bldg. Serv. Local 47*, 46 F.3d at 1398–99; *Tele-Comm., Inc. v. Comm'r of Internal Revenue*, 104 F.3d 1229, 1233 (10th Cir. 1997).  To preserve the argument, then, the litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it.

The district court concluded that Huntington did not satisfy these requirements, and we have some sympathy for its position.  The court was presiding over a massive fraud involving multiple victims and multiple stakeholders.  By the time of the hearing, the court had consolidated the criminal-forfeiture case with a related civil-forfeiture case, and the district court faced a number of parties claiming an interest in the remaining assets of CyberNET.  Fifteen financial institutions and two bankruptcy trustees filed claim petitions

in the criminal-forfeiture proceeding alone. At the forfeiture hearing itself, the district court heard from seven lawyers representing an equal number of parties. Under these circumstances, it is not hard to appreciate the district court's frustration with Huntington. This was a difficult and unwieldy case, and it takes little imagination to see how efforts to untangle the appropriate disposition of the criminal forfeiture arguments would have suffered if *all seven parties* had raised their arguments in the way Huntington did—by relying on one argument in the brief, disclaiming another argument in the same brief, then suddenly raising the disclaimed argument at the hearing. Even then, when Huntington did raise the other argument—the bona fide purchaser argument—at the hearing, it did not apologize for failing to raise it in the brief, it did not apologize for failing to write a supplemental letter *before* the hearing about the issue and it did not clarify that it was raising the argument for the first time. Contrition and candor help.

Still, we cannot say that this sequence of events amounted to a forfeiture of the bona fide purchaser argument. Huntington argued that it was a bona fide purchaser at the forfeiture hearing, and its statements cleared the notice and level-of-argumentation hurdles needed to preserve the issue. In addition to stating repeatedly that it was a "bona fide purchaser" under the criminal forfeiture statute, ROA II at 31–34, Huntington identified each element of the claim and explained why it satisfied each one: Huntington explained that (1) its security interest gave it a "right, title, or interest" in the Huntington account, *id.* at 23; (2) it in good faith "purchased its security interest," *id.* at 31; and (3) it paid "value" for its security interest in the form of "the loans it made to CyberCo," *id.* *See* 21 U.S.C. § 853(n)(6)(B). It did not address a potential defense to the issue—that Huntington had "cause to believe that the property was subject to forfeiture," *id.*—but that makes no difference because the government conceded in its pre-hearing brief that "all of the claimants were unaware of the criminal activity," ROA I at 507. Huntington also left no doubt about its reliance on the bona fide purchaser argument when it invoked § 853(n)(6)(B) in a notice of supplemental authority filed after the hearing but before the court's ruling. ROA I at 543. This presentation sufficed to preserve the argument.

Other circumstances support this conclusion. The district court did not order the parties to file briefs before the forfeiture hearing; it merely gave them the option of doing so. Had Huntington chosen not to file a brief, in other words, no forfeiture issue would have

arisen. For, unlike its discussion in its pre-hearing brief, Huntington pressed its § 853(n)(6)(A) and § 853(n)(6)(B) theories equally at the forfeiture hearing.

Nor does the government argue that this is a case where it needed advance notice of Huntington's bona fide purchaser argument in order to prepare relevant witnesses or evidence. The government, indeed, conceded away the only issue on which such testimony or evidence could have been relevant here: whether Huntington had "cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(B).

Strict forfeiture rules also apply awkwardly to § 853(n) proceedings. They are fast moving, and they do not require pre-hearing briefs. Yet, as a matter of statute, they *do* require a hearing. *Id.* § 853(n)(2), (4)–(5). Also, unlike a typical civil case or appeal, where the parties' pleadings and briefs will identify the relevant issues from scores of potential options, the questions potentially at issue in a § 853(n) proceeding are limited. Because § 853(n)(6) offers just two grounds for relief, only two (closely related) substantive questions may arise when a third party asserts an interest in forfeitable property—even for the first time at a hearing. It thus should be the rare case when the court or an opposing party will be caught off guard by a third party's reliance on either provision. That presumably is why neither the government nor the district court objected when Huntington argued at the forfeiture hearing that it was a bona fide purchaser. Indeed, if the United States claims that Huntington should have raised the bona fide purchaser argument in its brief (on pain of forfeiture), it is not clear why the government should not be held to the same standard for failing to say anything at the forfeiture hearing (or in post-hearing briefs) about Huntington's eleventh-hour presentation of the issue. On this record, Huntington did not forfeit its bona fide purchaser argument.

Because the district court held that Huntington forfeited this argument, it did not reach the merits of it. Rather than decide for ourselves whether Huntington qualifies as a bona fide purchaser for value under § 853(n)(6)(B), we remand the issue to the district court so that it may consider the question in the first instance.

III.

For these reasons, we reverse and remand for further proceedings.