NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0664n.06

No. 13-2036

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 26, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| AMIRA SALEM, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| JOAN YUKINS, Warden, et al., | ) THE EASTERN DISTRICT OF |
| | ) MICHIGAN |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| JUANITA BRYANT, Off-Site Coordinator; | ) |
| RAWLINS, Nurse, | ) |
| | ) |
| Defendants-Appellees. | ) |

BEFORE: GUY, ROGERS, and DONALD, Circuit Judges.

PER CURIAM. Amira Salem appeals the magistrate judge's order denying her objections to an order denying her motion for sanctions and for a preliminary injunction. As set forth below, we affirm.

Salem, a Michigan prisoner and breast cancer survivor, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against several Michigan Department of Corrections (MDOC) officials, alleging that they were deliberately indifferent to her medical needs in violation of her Eighth Amendment rights. Shortly before trial, the parties consented to all further proceedings being conducted by a magistrate judge. The parties entered into a settlement agreement, which stated in relevant part that MDOC "agrees to refer Plaintiff to an oncologist affiliated with the

University of Michigan Health System for an evaluation of Ms. Salem's health conditions arising out of her breast cancer treatment and history, including but not limited to osteoporosis." Salem subsequently filed a motion to enforce the settlement agreement, asserting that MDOC had failed to refer her to an oncologist at the University of Michigan for evaluation and treatment of her osteoporosis. The magistrate judge granted Salem's motion in part and ordered MDOC to refer her to an oncologist affiliated with the University of Michigan for an evaluation of her osteoporosis within sixty days. Salem later filed a motion for sanctions and for a preliminary injunction, asserting that MDOC had failed to comply with the magistrate judge's order. Denying Salem's motion, the magistrate judge concluded that MDOC had satisfied its obligations under the settlement agreement. Salem filed objections to the magistrate judge's order. Because the parties had consented to the magistrate judge's jurisdiction, the magistrate judge treated Salem's objections as a motion for reconsideration and denied the motion for failure to satisfy the requirements for reconsideration.

On appeal, Salem contends that the magistrate judge reversibly erred (1) by failing to enforce the settlement agreement and (2) by relying on Dr. N. Lynn Henry's review of the DEXA scan report measuring her bone density in finding that MDOC had complied with the settlement agreement. But Salem's notice of appeal listed only the magistrate judge's order denying her objections. If an appellant "designate[s] specific determinations in its notice of appeal, only those determinations may be raised on appeal." *Crawford v. Roane*, 53 F.3d 750, 752 (6th Cir. 1995). Thus, only the magistrate judge's order denying Salem's objections is before this court.

The magistrate judge treated Salem's objections as a motion for reconsideration. We review the denial of a motion for reconsideration for abuse of discretion. *Papas v. Buchwald*

*Capital Advisors, LLC (In re Greektown Holdings, LLC)*, 728 F.3d 567, 573 (6th Cir. 2013). "A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011) (citing E.D. Mich. LR 7.1).

In her objections, Salem argued that the magistrate judge erred in relying on Dr. Henry's review of her DEXA scan report, asserting that Dr. Henry's review of her health information violated the privacy protections under the Health Insurance Portability and Accountability Act. The magistrate judge pointed out that Salem was given the opportunity to respond to MDOC's supplemental brief regarding Dr. Henry's review of her DEXA scan report and that Salem did not do so. *See United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331-32 (6th Cir. 2009) ("[A]bsent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited."). In any event, the magistrate judge relied on other pieces of evidence, besides Dr. Henry's review of the DEXA scan report, in finding that MDOC had satisfied its obligations under the order. The magistrate judge also determined that the progress note from a face-to-face appointment at the University of Michigan indicated that oncologist Dr. Tara Breslin evaluated Salem's DEXA scan report in a way that satisfied the order.

Indeed, even were we to look beyond Salem's objections and consider the whole of the magistrate judge's decision to deny Salem's motion for sanctions, we would reach the same conclusion. The magistrate judge's findings of fact were adequately supported by the record, so we cannot say they were clearly erroneous. And the magistrate judge's conclusion that those facts satisfied MDOC's obligations under her order was not an abuse of her discretion. The

magistrate judge presumably knew what her own order required of MDOC and thus whether MDOC's actions complied with that order.

The magistrate judge acted within her discretion in denying Salem's objections. Accordingly, we affirm the judgment of the district court.