NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0050n.06

No. 21-5265

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ERNEST SOUTHALL, | ) | **FILED**<br>Jan 26, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE U.S. |
| | ) | DISTRICT COURT FOR THE |
| USF HOLLAND, LLC; OCCUPATIONAL | ) | MIDDLE DISTRICT OF |
| HEALTH CENTERS OF THE SOUTHWEST, P.A. | ) | TENNESSEE |
| CO.; TEAMSTERS LOCAL UNION 480; | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: SILER, KETHLEDGE, and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. This is now the third appeal in a straightforward matter that—according to the magistrate judge here—Ernest Southall and his counsel have made an "unmitigated mess." The district court dismissed Southall's present lawsuit based on issue and claim preclusion. We affirm.

Southall has driven big-rig trucks for USF Holland since 1999. He was diagnosed with sleep apnea in 2013 and thereafter struggled to get medical clearance to drive. When Southall lacked that clearance, Holland suspended him from driving. Southall also had problems during the periods he was driving: in December 2013, an officer ticketed him for driving while fatigued; eight months later he drove his truck into a concrete barrier in a construction zone in Indiana; and on another occasion he fell asleep while waiting for his truck to be loaded.

Yet in 2015 Southall sued Holland and Occupational Health Centers (which had performed his medical exams), asserting discrimination and retaliation claims under the Americans with Disabilities Act. During discovery, Holland obtained Southall's medical records, which indicated that he had suffered a stroke in July 2016. Southall later admitted during his deposition that he had not told Occupational Health about his stroke during the medical examination that followed it. (He denied having one, notwithstanding what the records said.) Southall also admitted in his deposition that his sleep apnea did not affect any of his major life activities. Holland then suspended Southall—this time for failing to disclose his stroke—and sent him back to Occupational Health for another examination. Over Southall's objection, the district court allowed Holland to provide Southall's medical records to Occupational Health for purposes of that exam.

In December 2018, the district court granted summary judgment to Holland and Occupational Health in that first lawsuit. The court's order made clear that it addressed all the alleged "discrimination and/or retaliation" that had occurred up to that point (which in Southall's view included the provision of his medical records to Occupational Health). *Southall v. USF Holland, Inc.*, 2018 WL 6413651, at *6 (M.D. Tenn. Dec. 5, 2018). The court held that Southall had raised no genuine dispute as to whether he was disabled, given Southall's own testimony that his sleep apnea—the putative disability—had not affected any of his major life activities. Southall appealed that order (his first of now three appeals here).

Meanwhile, Holland and Occupational Health moved for attorneys' fees in the district court; and our court affirmed the district court's summary-judgment order. The district court then granted the defendants' motion for fees, on the ground that Southall's claims "became frivolous and unreasonable once [he] testified in his deposition that he had no disability." Southall again

brought an appeal, which this court dismissed because the district court had not yet determined the amount of the fee award.

But in the meantime Southall filed this suit, in which he seeks again to assert ADA claims against Holland and Occupational Health, as well as his union, Teamsters Local 480. He also purports to assert a claim for breach of contract—alleging in conclusory terms that he was the third-party beneficiary of a contract between Holland and Occupational Health, which those parties allegedly breached because, he says, Holland manipulated Occupational Health to deny Southall medical clearance.

The district court granted the defendants' motion to dismiss based on both issue preclusion and claim preclusion. The court had already held that Southall's sleep apnea was not a disability, which precluded his new claim of discrimination based upon that same condition. The court also reasoned, among other things, that Southall's claims in his second suit should have been brought in his first. Southall then brought to us this appeal, his third. We review the district court's decision de novo. *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

We affirm for substantially the reasons stated in the district court's cogent opinion. Southall cannot show his sleep apnea is a disability, which forecloses most of his ADA claims (whether against Holland, Occupational Health, or Local 480). *Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 393, 396 (6th Cir. 2019). Beyond that, Southall forfeited any argument that his remaining ADA claims are not precluded on the same grounds. *See United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331–32 (6th Cir. 2009). Nor can he relitigate the issue whether Holland influenced Occupational Health's examinations or planned to decertify him. Those facts were before the district court when it issued its first summary-judgment order, which by its terms addressed Southall's "continuing" claims of retaliation and discrimination. *See Dubuc v. Green*

*Oak Twp.*, 312 F.3d 736, 750 (6th Cir. 2002). And precluded or not, Southall's claim for breach of contract is conclusory and patently meritless. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court's judgment is affirmed.