NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0158n.06

No. 21-6068

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Apr 14, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICTCOURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| MORRIS ANTHONEY PHILLIPS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUHRHEINRICH, MOORE, and CLAY, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** After a district court denied his second motion for compassionate release, Morris Anthony Phillips moved for reconsideration of the district court's decision. Phillips appeals the district court's denial of his reconsideration motion, arguing that the court failed adequately to consider the relevant factors supporting a reduction in sentence under 18 U.S.C. § 3553(a). Because the district court reasonably weighed the § 3553(a) factors that Phillips properly presented, we AFFIRM the judgment.

## I. BACKGROUND

Phillips pleaded guilty in 2015 to crimes involving conspiracies to distribute marijuana and oxycodone as well as money laundering. R. 170 (Plea Agreement ¶ 1) (Page ID #1370–71). During Phillips's subsequent sentencing hearing, the district court considered various § 3553(a) factors, including the need to avoid unwarranted sentence disparities, the need for the sentence imposed, the nature and circumstances of the offense, and Phillips's history and characteristics.

R. 370 (Sent'g Hr'g Tr. at 65–82) (Page ID #3886–903). The district court sentenced Phillips to 144 months in prison, which was below the applicable Sentencing Guidelines range of 151 to 188 months. *Id*. at 66, 84 (Page ID #3887, 3905).

In August 2020, Phillips, proceeding pro se, filed a motion for compassionate release, arguing that his underlying medical conditions increased his risk of death or contracting serious illness from COVID-19. R. 409 (Mot. for Compassionate Release at 1–2) (Page ID #5917–18). The district court granted Phillips's request for counsel, and Phillips supplemented his motion. R. 425 (Suppl. Mot. for Compassionate Release at 1) (Page ID #5975). Phillips noted that he had "serious health conditions related to chronic hepatitis B, hypocellularity, hematuria and bullet fragments in his lungs." *Id.* at 2 (Page ID #5976). In light of these conditions, Phillips maintained that the ongoing COVID-19 pandemic constituted an "extraordinary and compelling reason" justifying his release under 18 U.S.C. § 3582(c)(1)(A)(i). *Id.* at 4 (Page ID #5978). Addressing the § 3553(a) factors that a district court must consider under § 3582(c)(1)(A), Phillips argued only that "the COVID-19 pandemic and the serious risk it presents" was the "overriding factor" that "was not present at the time of sentencing." *Id*. at 18–19 (Page ID #5992–93).

The district court denied Phillips's motion. *United States v. Phillips*, No. 2:14-CR-00104-3-JRG, 2021 WL 494762, at *1 (E.D. Tenn. Feb. 10, 2021). It first determined that Phillips did not demonstrate extraordinary and compelling reasons for release because his underlying health conditions did not present a heightened risk of severe illness from COVID-19 based on Centers for Disease Control and Prevention guidance. *Id.* at *5. More relevant to this appeal, the district court also found that Phillips did not present it with a reason to depart from its original balancing of the § 3553(a) factors. *Id.* at *6. Phillips did not show that any of his personal circumstances

had changed since his sentencing, and the district court determined that the "general threat of COVID-19" did not justify reweighing the § 3553(a) factors. *Id.* at *6–7.

Five months later, Phillips filed another pro se compassionate-release motion, arguing that the failure of Big Spring Correctional Institution to address his underlying medical conditions— notably, the untreated presence of blood in his urine—and the threat of COVID-19 constitute extraordinary and compelling reasons for release. R. 438 (Second Compassionate-Release Mot. at 8) (Page ID #6049). Phillips cited his need for medical care as the relevant § 3553(a) factor that the court should consider. *Id.* The district court denied the motion based on its previous balancing of the § 3553(a) factors and did not address the extraordinary and compelling prong. R. 439 (6/23/21 Dist. Ct. Order at 2) (Page ID #6069).

Phillips then filed a motion for reconsideration, again proceeding pro se, and again citing his need for medical care as the relevant § 3553(a) factor that the court overlooked. R. 440 (Recons. Mot. at 2–4) (Page ID #6071–73). In a supplemental motion that Phillips submitted through counsel, he cited his liver-disease diagnosis as a risk factor for serious COVID-19 complications, which in turn constituted an extraordinary and compelling circumstance justifying release. R. 455 (Suppl. Recons. Mot. at 1) (Page ID #6167). As for the § 3553(a) factors, Phillips referenced both his need for medical care in light of Big Spring's failure to treat his ailments for over a year during the COVID-19 pandemic and his rehabilitation efforts during his incarceration. *Id.* at 23 (Page ID #6189). The government opposed the motion, arguing among other things that the § 3553(a) factors did not support Phillips's release. R. 457 (Opp'n to Suppl. Recons. Mot. at 10–11) (Page ID #6239–40). Only in reply did Phillips ask the court to consider his likely

deportation, lack of a violent record, age, and rehabilitation efforts as relevant § 3553(a) factors. R. 463 (Reply in Supp. of Suppl. Recons. Mot. at 16–20) (Page ID #6285–89).

The district court declined to reconsider its original decision, finding that Phillips had forfeited his arguments regarding § 3553(a) by failing to raise them in his renewed compassionate-release motion. *United States v. Phillips*, No. 2:14-CR-00104-3-JRG, 2021 WL 5070123, at *2 (E.D. Tenn. Nov. 11, 2021). Phillips's brief analysis of the § 3553(a) factors, moreover, did not convince the district court that it had incorrectly balanced the factors at Phillips's original sentencing. *Id.* at *3. Phillips timely appealed.

## II. ANALYSIS

When considering a compassionate-release motion under § 3582(c)(1)(A), district courts follow a three-step inquiry: "(1) 'find[ing]' extraordinary and compelling reasons merit a sentence reduction; (2) 'find[ing]' that the reduction is consistent with 'applicable' Sentencing Commission policy statements; and (3) 'considering' the 'applicable' § 3553(a) factors." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) (footnote and citation omitted). The district court may, but is not required to, grant compassionate release if those conditions are met. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). We have repeatedly held that United States Sentencing Guideline § 1B1.13 is not an applicable policy statement when a prisoner brings a compassionate-release motion, and we have removed the second step from this inquiry for prisoner-initiated motions. *United States v. Harvey*, 996 F.3d 310, 314 (6th Cir. 2021). Without an applicable policy statement, the district court need only consider extraordinary and compelling reasons for release and the applicable § 3553(a) factors in evaluating such motions. *Id.* On appeal, the parties address

only the district court's weighing of the § 3553(a) factors, so our analysis is likewise limited to that issue.

We review for an abuse of discretion the district court's denial of a compassionate-release motion and its denial of a motion for reconsideration. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *United States v. Brown*, 449 F.3d 741, 750 (6th Cir. 2006). Because district courts are "best situated" to balance the § 3553(a) factors, *Ruffin*, 978 F.3d at 1005 (citation omitted), and have "considerable discretion" in denying motions to reconsider, *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014), this standard of review is deferential. Indeed, the district court does not abuse its discretion if "the record as a whole satisfies us that [the district court] 'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" *Ruffin*, 978 F.3d at 1008 (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018)). On the other hand, a district court abuses its discretion when it engages in a procedurally or substantively unreasonable analysis of the § 3553(a) factors. *See United States v. Boulding,* 960 F.3d 774, 783 (6th Cir. 2020). Phillips argues that the district court's decision denying reconsideration was both procedurally and substantively unreasonable.

## A. Procedural Unreasonableness

We start with the procedural reasonableness of the district court's decision. A district court does not abuse its discretion when "the record makes clear that the sentencing judge considered the evidence and arguments." *Jones*, 980 F.3d at 1113 (quoting *Chavez-Meza*, 138 S. Ct. at 1964). When the court fails to give both parties the opportunity to present sentencing arguments or fails adequately to consider the § 3553(a) factors, however, it engages in a procedurally unreasonable analysis. *See United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011).

In reviewing the reasonableness of the district court's decision, we look to the record as a whole, which includes Phillips's original sentencing hearing as well as records supporting the original compassionate-release motion, the second compassionate-release motion, and the reconsideration motion. *See Jones*, 980 F.3d at 1112. Here, the district court considered the § 3553(a) factors that Phillips raised in his counseled supplemental motion for reconsideration[1]— his rehabilitation efforts and his need for adequate medical care—and found them insufficient to warrant reconsideration of its original denial of compassionate release due to Phillips's below-guideline sentence. *Phillips*, 2021 WL 5070123, at *3. And in its first decision denying compassionate release, the district court referred to its analysis of the § 3553(a) factors at Phillips's original sentencing. *Phillips*, 2021 WL 494762, at *6. Because the whole record demonstrates that the district court considered the pertinent § 3553(a) factors, the district court followed all the requisite procedures. *Jones*, 980 F.3d at 1112.

Phillips argues that the district court gave his § 3553(a) arguments short shrift because it incorrectly characterized them as cursory. Appellant Br. at 25; *Phillips*, 2021 WL 5070123, at *3. Yet the district court did engage with the substance of Phillips's arguments in his supplemental motion—even those that were not contained in the four-sentence section specifically addressing the § 3553(a) factors. *See* R. 455 (Suppl. Recons. Mot. at 23) (Page ID #6189). Apart from rehabilitation (which the district court addressed in its reconsideration opinion), the factors Phillips

---

[1]The district court also reprimanded Phillips for failing to raise his additional § 3553(a) arguments in his renewed compassionate-release motion. *Phillips*, 2021 WL 5070123, at *2. In general, a litigant must present a good excuse for raising an argument for the first time in a motion to reconsider. *United States v. Huntington Nat. Bank*, 574 F.3d 329, 331–32 (6th Cir. 2009). We reiterate, however, that courts should apply liberally the rules of preservation to pro se litigant filings. *Mattox v. Edelman*, 851 F.3d 583, 591 n.5 (6th Cir. 2017). Phillips filed his renewed motion without the assistance of counsel and did reference the § 3553(a) factors (specifically, the need to receive adequate medical care) in that motion. R. 438 (Second Compassionate-Release Mot. at 8) (Page ID #6049). Therefore, we review only the district court's analysis of the merits.

presented fell into the bucket of § 3553(a)(2)(D), or the need to provide medical care. *Id.* at 2 (Page ID #6168). In its decision denying reconsideration, the district court explained that the proper vehicle to address Phillips's need for medical care was an Eighth Amendment claim, not a compassionate-release motion. *Phillips*, 2021 WL 5070123, at *2. The district court therefore considered all the arguments that Phillips presented in his supplement to his reconsideration motion.

Phillips also faults the district court for failing to consider the other § 3553(a) factors that he raised in reply to the government's response to his reconsideration motion, such as his age, recidivism risk, and likely deportation. Appellant Br. at 27–28. The district court did not address these factors in its opinion denying reconsideration, but Phillips did not raise them in his counseled supplement to his first compassionate-release motion. Nor did he raise them in his counseled supplement to his motion for reconsideration. Despite ample opportunity to raise these factors, Phillips did not mention them until his *reply* to the government's opposition to the reconsideration of his second supplemental compassionate-release motion. R. 463 (Reply in Supp. of Suppl. Recons. Mot. at 17–20) (Page ID #6286–89). Such issues are generally considered forfeited. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). We could overlook this last-minute presentation had Phillips been responding to an issue that the government raised first. *See id.* But in denying Phillips compassionate release the second time, the district court relied entirely on its prior § 3553(a) analysis. R. 439 (6/23/21 Dist. Ct. Order at 2) (Page ID #6069). Phillips and his counsel were aware of the need to address all the factors to change the district court's mind. The district court therefore reasonably focused on the factors that Phillips addressed in his initial supplement to his reconsideration motion.

When considering the entire record, moreover, the district court did address many of the other factors that Phillips raised in his reply brief during other stages of the proceedings. In initially determining Phillips's sentence, the district court considered Phillips's age, immigration status, and criminal history. R. 370 (Sent'g Hr'g Tr. at 74–75, 86) (Page ID #3895–96, 3907). In evaluating Phillips's first compassionate-release motion, the district court referenced Phillips's history and characteristics in declining to analyze differently any § 3553(a) factors. *Phillips*, 2021 WL 494762, at *6. Accordingly, the record as a whole supports the district court's decision to adhere to its original sentencing, *see Chavez-Meza*, 138 S. Ct. at 1967, and the district court's analysis was procedurally reasonable.

## B. Substantive Reasonableness

That brings us to substantive reasonableness. "[I]n gauging the substantive reasonableness of a sentence, we ask whether the sentencing court gave reasonable *weight* to each relevant factor." *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019). Although district courts "'may place great weight' on one sentencing factor when that weight is warranted," *United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) (quoting *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013)), district courts engage in substantively unreasonable balancing when they place undue weight "on some § 3553(a) factors and too little on others." *Boucher*, 937 F.3d at 707 (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). In the end, however, as long as the district court's basis for assigning weights is reasoned, the district court does not abuse its discretion. *Ruffin*, 978 F.3d at 1008.

Again, we must incorporate the original sentencing in our review of the district court's compassionate-release decision. *Jones*, 980 F.3d at 1112. There, the district court emphasized the

seriousness of Phillips's offenses, which "involved a very, very large quantity of marijuana" and "very substantial amounts of cash." R. 370 (Sent'g Hr'g Tr. at 72) (Page ID #3893). Of "special importance" to the district court was the fact that Phillips barricaded himself in his house with a twelve-year-old child when authorities caught him. *Id.* at 73–74 (Page ID #3894–95). Beyond that factor, the district court remarked upon Phillips's low criminal-history category and his difficult upbringing but noted that the nature of the offense and Phillips's relatively young age nevertheless present a risk of recidivism, albeit not a "serious" one. *Id.* at 74–75 (Page ID #3895–96). The court further considered the need to protect the public from the sale of large quantities of marijuana, the moderate level of culpability in the context of the overall conspiracy, Phillips's false statements to the court during proceedings, and Phillips's drug and alcohol abuse. *Id.* at 75–82 (Page ID #3896–903). In light of the district court's extensive analysis, we cannot say that it was unwarranted in emphasizing the seriousness of the offense—which involved the potential harm of a child—or that it unreasonably incorporated the weight of the other pertinent factors in its compassionate-release decision.[2]

Against the backdrop of its original sentencing, the district court reasonably found that the threat of COVID-19 and Phillips's rehabilitation efforts were not consequential enough to warrant a sentence reduction. In its February 2021 compassionate-release decision, the district court found that the threat of COVID-19 was too general to change its previous assessment of Phillips's personal circumstances. *Phillips*, 2021 WL 494762, at *6–7. And in its November 2021

---

[2]Phillips compares his case to *United States v. Estrada-Elias*, No. 21-5680, 2021 WL 5505499, at *1 (6th Cir. Nov. 24, 2021). In that unpublished order, we concluded that the district court placed unreasonable weight on the seriousness of the offense when it widely overstated a bed-ridden ninety-year-old man's recidivism risk, all but ignored his spotless disciplinary record and mischaracterized his criminal history. *Id.* at *2–3. Here, by contrast, the district court rationally considered the other applicable § 3553(a) factors.

reconsideration decision, the district court concluded that Phillips's rehabilitation efforts did not warrant a further reduction of his below-guidelines sentence when considered alongside the evaluation of the § 3553(a) factors at the original sentencing. *Phillips*, 2021 WL 5070123, at *3. The district court also reiterated that Phillips's need for medical care would be better addressed in an Eighth Amendment-based claim under 42 U.S.C § 1983. *Id.* at *2. We have affirmed district courts that employed similar reasoning. *Elias*, 984 F.3d at 521 (affirming district court, which concluded that generalized threat of COVID-19 was insufficient to warrant release); *Ruffin*, 978 F.3d at 1009 (reasonable to conclude that rehabilitation efforts "did not warrant any greater reduction of [defendant's] already below-guidelines sentence").

In short, we must conclude that the district court's analysis of the § 3553(a) factors—both during Phillips's original sentencing and in considering Phillips's subsequent motions—was not an abuse of discretion. We do not condone Big Spring's delay in treating Phillips's serious health problems amid a raging pandemic, and we note his lack of a criminal history, his rehabilitation efforts, and the nonviolent nature of his offense. Under our deferential standard of review, however, we may not overturn a district court's reasonable analysis, even if we disagree with its conclusion. Accordingly, we AFFIRM the judgment of the district court.