NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0262n.06

No. 23-3800

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| RSUI INDEMNITY COMPANY, | ) |
| Plaintiff-Appellee, | ) |
|  | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| NATIONAL YOUTH ADVOCATE PROGRAM, | ) |
| Defendant-Appellant. | ) |
|  | ) OPINION |

**FILED**
Jun 13, 2024
KELLY L. STEPHENS, Clerk

Before:  SILER, MOORE, and KETHLEDGE, Circuit Judges.

SILER, Circuit Judge.  At first blush, the core of this case lies within the terms of an insurance policy that appellant National Youth Advocate Program ("NYAP") purchased from appellee RSUI Indemnity Company ("RSUI").  But the true issue is one of forfeiture: RSUI argues that NYAP did not raise the issues it presents in its appellate brief to the district court.  We agree. Because this flaw is fatal to NYAP's appeal, we affirm the district court's judgment.

## I.

RSUI insures NYAP against, among many other things, losses caused by NYAP's employees' actual or alleged perpetration of sexual harassment.  If a claim of sexual harassment is lodged against an NYAP employee, RSUI must both defend NYAP from the claim and cover the loss.

There are, however, some exceptions.  Crucial here, the policy's "Sexual Misconduct . . . Exclusion" carves out of its coverage claims involving "sexual misconduct," defined as "any

licentious, immoral or sexual behavior, sexual abuse, sexual assault or molestation or any sexual act against any individual."

NYAP received a letter alleging that its former employee's supervisor sexually harassed and assaulted the employee and created a hostile work environment, and that this conduct constructively discharged the former employee. The letter threatened litigation. After NYAP told RSUI about the letter, RSUI notified NYAP that it would not cover the claim because it fell into the policy's Sexual Misconduct Exclusion. The letter later turned into a charge of discrimination from the Illinois Department of Human Rights.

RSUI sued NYAP, seeking a declaration that it was not obligated to defend or indemnify NYAP from the employee's claim. NYAP counterclaimed, alleging breach of contract and bad faith, and seeking a declaration that RSUI was obligated to defend and indemnify NYAP from the employee's claim.

NYAP raised three arguments in response to RSUI's motion for judgment on the pleadings. First, it argued that the Sexual Misconduct Exclusion is unenforceable because it nullifies the sexual harassment provision and therefore renders coverage for sexual harassment illusory. Second, it argued that a declaratory judgment would be premature; and third, that RSUI denied coverage in bad faith.

The district court found RSUI's motion for judgment on the pleadings ripe, granted it, and dismissed NYAP's bad faith claim. It determined that the Sexual Misconduct Exclusion did not nullify the sexual harassment coverage because some forms of sexual harassment would not be excluded. Therefore, the district court reasoned, the sexual harassment coverage was not illusory, and the Sexual Misconduct Exclusion was enforceable.

On appeal, NYAP raises two arguments: that RSUI must defend the employee's claim because the claim falls within the policy's sexual harassment coverage and a jury may find that the Sexual Misconduct Exclusion does not apply to the facts of the claim, and that the Sexual Misconduct Exclusion and the definition of sexual harassment coverage are ambiguous such that this court should construe the coverage provision "to include traditional notions of sexual harassment."

## II.

RSUI argues that NYAP forfeited both of its appellate arguments by failing to make them to the district court. *See Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014) (holding that an issue not raised below was forfeited).

Recall that, in its argument to the district court, NYAP posited that the policy's sexual harassment coverage, when paired with the Sexual Misconduct Exclusion, is illusory because the exclusion is so broad. Therefore, it argued, the Sexual Misconduct Exclusion is unenforceable, and all claims of sexual harassment must be covered. If we follow this argument to its logical conclusion, the allegations contained within the claim, the jury's findings on the claim, and the definition of "sexual harassment" applied to the policy would all be irrelevant: No claim of sexual harassment could *ever* be covered by the policy, because the Sexual Misconduct Exclusion would, *in every case*, render the sexual harassment coverage illusory. NYAP's argument would make the Sexual Misconduct Exclusion entirely unenforceable.

Compare this argument to NYAP's arguments on appeal: First, NYAP argues that RSUI must defend it against the employee's claim because a jury could find that the Sexual Misconduct Exception does not apply to the claim. This argument depends on the jury's potential findings and the content of the employee's claim. Moreover, NYAP accepts the validity of the exclusion. It is

not the unenforceability argument that NYAP made to the district court. Second, NYAP argues that the sexual harassment coverage and the Sexual Misconduct Exclusion are ambiguous and should therefore be construed in NYAP's favor. In NYAP's view, the employee's claim falls within the "common meaning" of sexual harassment, and RSUI should therefore defend the claim. Again, this is not an argument regarding the Sexual Misconduct Exclusion's nullification of the sexual harassment coverage. Instead, NYAP accepts that the exclusion could be enforced under a particular reading of the policy and argues that it is entitled to a defense under that more favorable construction.

NYAP claims that it did not forfeit its appellate arguments because it raised them—albeit piecemeal—to the district court. Yet, even under a generous reading of NYAP's reply, it merely cites out-of-context arguments it made to the district court. A hint of an argument will not suffice: An issue is forfeited on appeal if it is mentioned, but not developed, below. *United States v. Clark*, 469 F.3d 568, 569-70 (6th Cir. 2006); *see also United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) ("At a minimum, a litigant must state the issue with sufficient clarity to give the court and opposing parties notice that it is asserting the issue. Yet notice by itself does not suffice. . . [T]he litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it." (internal citations omitted)). The cited snippets of NYAP's district court argument are, in the best case and when read without the context of its district court arguments, harbingers of its appellate arguments. They are not the developed arguments needed to put RSUI on notice and avoid forfeiture.

We may also consider whether any reasonable district court would have interpreted NYAP's district court argument to be impliedly articulating the theories it presents on appeal. *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1013 (6th Cir. 2022). Unfortunately for

NYAP, there is no way to square its argument before the district court with its arguments before us. Either the Sexual Misconduct Exclusion is unenforceable because the policy's sexual harassment coverage is wholly nullified by the exclusion, as NYAP argued to the district court, or the employee's claim falls outside of the Sexual Misconduct Exclusion but is covered by the sexual harassment provision under a more favorable interpretation of the policy. Both arguments cannot be true, and neither argument implies the other.

Because NYAP did not first raise its arguments before the district court, it forfeited them.

AFFIRMED.