NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0503n.06

No. 24-5175

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 06, 2024
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRYANT TURNER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

OPINION

---

BEFORE: GRIFFIN, STRANCH, and MATHIS, Circuit Judges.

GRIFFIN, Circuit Judge.

In 2013, defendant Bryant Turner retaliated against his girlfriend for alleged infidelity by recruiting six friends to assault her in their communal home. They held her down and took turns punching and kicking her; Turner himself struck her multiple times. The badly beaten woman called the police, and Turner ultimately pleaded guilty to domestic assault causing bodily harm, a misdemeanor in the state of Tennessee. *See* Tenn. Code Ann. §§ 39-13-101(a)(1), (b)(1)(A), 39-13-111(b).

Eight years later, law enforcement officers pulled over a vehicle, driven by Turner, for speeding. Turner admitted that he had a handgun in the center console and consented to a search of the vehicle. Police recovered the handgun and ammunition.

Turner's previous misdemeanor domestic-violence conviction prevents him from lawfully possessing firearms and ammunition, so a federal grand jury indicted him for violating 18 U.S.C. § 922(g)(9). He moved to dismiss the indictment, arguing that § 922(g)(9) facially violates the

Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The district court denied the motion, and Turner pleaded guilty to the indictment.

On appeal, Turner raises both facial and as-applied challenges to § 922(g)(9). Given our intervening precedent and Turner's violent predicate conviction, both arguments must fail. *See United States v. Gailes*, 118 F.4th 822, 830 (6th Cir. 2024).

In *Gailes*, we held that § 922(g)(9) does not violate the Second Amendment on its face. *Id.* at 826–28. Thus, Turner's facial challenge is without merit.

His as-applied challenge fares no better. At the outset, Turner's failure to raise this argument in district court renders it forfeited and results in plain-error review. *See Davis v. United States*, 589 U.S. 345, 346 (2020) (per curiam). Turner disagrees that he forfeited his as-applied argument because he "argued that he was a law-abiding citizen" in his reply to the motion to dismiss, so he contends he raised his as-applied challenge "by implication." But preserving an issue for appeal requires more than raising a bare-bones argument in a reply brief. *See United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) ("To preserve [an] argument . . . the litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it."); *United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016) ("A party may not raise an issue on appeal by mentioning it in the most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks and alterations omitted)); *see also United States v. Stevens*, 559 U.S. 460, 473 n.3 (2010) (stating that an as-applied constitutional claim was not preserved when only a "general" constitutional claim was raised in the lower courts). The plain-error standard requires that a defendant show a clear or obvious error that affects his substantial rights and the "fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Mize*, 814 F.3d 401, 408 (6th Cir. 2016) (citation omitted). To do so, Turner must

identify a case in our court or the Supreme Court evidencing the error. *See, e.g.*, *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015).

Turner cannot overcome this rigorous standard. He argues that he is a "non-violent misdemeanant[]" and that certain predicate convictions for § 922(g)(9) do not necessarily cause bodily injury to another person. But the record belies the assertion that Turner is non-violent—he coordinated a ruthless group beating of his girlfriend. And it is irrelevant whether certain state-law domestic-violence misdemeanors include as an element bodily injury to another because Turner's crime—domestic assault causing bodily injury—plainly includes such conduct. Turner "fall[s] squarely within the category of people who pose a clear threat to the physical safety of others" and therefore may be disarmed without offending the Second Amendment. *See Gailes*, 118 F.4th at 830. The district court here did not plainly err.

For these reasons, we affirm the district court's judgment.