NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0158n.06

Case No. 23-3751

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| BRANEA BRYANT, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

FILED
Mar 21, 2025
KELLY L. STEPHENS, Clerk

Before: STRANCH, THAPAR, and DAVIS, Circuit Judges.

THAPAR, Circuit Judge. Branea Bryant was a key player in a Cleveland drug-trafficking operation. She helped her boyfriend, her brother, and others sell large amounts of fentanyl and other drugs. She also used the drug proceeds to fund a lavish lifestyle. Bryant was sentenced to 290 months in prison for her role in the conspiracy. On appeal, she challenges some of the district court's evidentiary determinations. We affirm.

I.

The defendant, Branea Bryant, helped orchestrate a massive drug-trafficking operation in Cleveland. Bryant and her co-conspirators teamed up with members of a gang called the "Heartless Felons" to sell large amounts of fentanyl, cocaine, methamphetamine, and other substances to customers from all over Ohio.

Bryant's boyfriend, Devonn Fair, and her brother, Brandon, were the ringleaders of this scheme. They supplied most of the drugs. Bryant helped out by transporting drugs and money. She participated in some of the transactions, including by delivering drugs to her brother. She also set up a sham company called "ADF3 Investments, LLC," to launder drug money—over $150,000 in total. ADF3 Investments owned multiple houses that the conspirators used for storing and selling drugs. As a sham company, ADF3 Investments had no legitimate business and didn't file taxes.

Bryant used her drug money to fund a lavish lifestyle. She spent thousands of dollars on merchandise from high-end stores like Saks Fifth Avenue, Gucci, Neiman Marcus, and Burberry. She and her boyfriend spent a total of $64,000 on two Range Rover vehicles, paid for with "wads of bills." R. 834, Pg. ID 8611. And when law enforcement searched Bryant's home, they found diamond jewelry and watches valued at a combined $62,200.

After federal authorities uncovered the drug conspiracy, a jury convicted Bryant of five counts of drug and money-laundering offenses. The district court sentenced her to 290 months in prison. Bryant now appeals various aspects of her conviction.

II.

Bryant presents four issues for review. We address each in turn.

A.

Bryant's first challenge relates to the testimony of FBI agent Todd Platt. The court allowed Platt to testify as both an expert and lay witness. A witness may testify as an expert when he has specialized knowledge that will help the jury understand technical concepts. Fed. R. Evid. 702. Here, Platt offered his expert opinions about the drug-trafficking industry based on his years of

experience in law enforcement. Among other things, Platt told jurors the "street value" of various drugs and interpreted coded language that drug dealers use. R. 679, Pg. ID 5696.

Agent Platt also testified as a lay fact witness. In this role, Platt testified that he personally witnessed, or participated in, key events in Bryant's case. For example, he testified that he executed a search warrant for one of the drug houses, where he and his team seized fentanyl and other contraband. He also testified that Bryant was one of the speakers on calls recorded by law enforcement.

Bryant argues that the judge failed to properly instruct the jury about Agent Platt's dual role. According to Bryant, the government didn't tell the jury that Agent Platt was testifying as both an expert and lay witness. And Bryant suggests that, if the jurors believed Platt was testifying as an expert during times when he was testifying as a lay witness, the jurors might have thought Platt's fact testimony was more credible than it really was. We review this challenge for abuse of discretion. *United States v. Barron*, 940 F.3d 903, 920 (6th Cir. 2019).

The district court did not abuse its discretion. There is no per se prohibition on allowing a witness to testify both as a fact and expert witness. *Id.* But, when allowing an officer to testify as both an expert and a lay witness, a district court must inform the jury that the officer is performing a dual role. *Id.*

One way for a district court to satisfy that obligation is by providing an "adequate cautionary jury instruction." *Id.* (citation omitted). In *Barron*, for instance we approved an instruction from the district court which informed the jury that law enforcement officers had "testified to both facts and opinions" and advised the jury to give each type of testimony its "proper weight," when accompanied by an explanation of the appropriate weight to give each type of testimony. *Id.* at 920–21. Here, the court gave the jury an adequate cautionary instruction. The

court told the jury that Agent Platt had "testified to both facts and opinions." R. 698, Pg. ID 7150. The court then instructed the jury to give each type of testimony its "proper weight." *Id.* Immediately thereafter, the court instructed the jury on how to evaluate both fact and opinion testimony. This is materially identical to the instruction we approved in *Barron*. 940 F.3d at 920–21. So the district court did not err.

B.

Bryant next challenges Agent Platt's voice identifications. The district court allowed Agent Platt to testify about the identify of participants—including Bryant—on the wiretapped calls that the government recorded.

The district court did not abuse its discretion by allowing Platt to identify Bryant as one of the voices on the phone calls. A witness like Agent Platt need not be present for the conversations as they occur to make a voice identification. *United States v. Gardner*, 32 F.4th 504, 521 (6th Cir. 2022). If an identifying witness has "heard the voice of the alleged speaker at *any* time," his voice identification is admissible. *Id.* (citation omitted). Here, Platt explained that he had heard Bryant's voice after she was arrested. So when he heard that same voice on the calls, he "knew that all the calls were her." R. 682, Pg. ID 5778. Thus, Platt's voice identification is admissible. *Gardner*, 32 F.4th at 521.

Nor did the district court err by allowing Agent Platt to identify Bryant's co-conspirators as speakers on the phone calls. An officer may identify the speakers on a phone call by tracing phone numbers to individuals and by using other forms of circumstantial evidence to determine who is speaking. *See United States v. Strong*, 606 F. App'x 804, 811 (6th Cir. 2015), *vacated on other grounds by Banks v. United States*, 577 U.S. 936 (2015). And Agent Platt had ample basis for identifying the speakers. He did so through multiple methods, including by personally

reviewing records of the calls, matching phone numbers to databases, and cross-checking through physical surveillance the license plates of cars that arrived for drug transactions arranged by the calls. This was enough to support admissibility of Platt's identifications. *Id.*

Even if Bryant challenges Platt's identifications on the ground that Platt wasn't qualified as an expert in voice identifications, that challenge also fails. A witness need not "be qualified as an expert" to offer a voice identification. *Gardner*, 32 F.4th at 521. It was enough that Agent Platt had personal knowledge of the callers' identities. The district court did not err by allowing this testimony.

C.

Bryant's third objection is that the district court improperly admitted the statements of other members of the drug trafficking operation. A court may allow prosecutors to introduce statements made during and in furtherance of the conspiracy by a defendant's co-conspirators to prove the defendant's guilt. Fed. R. Evid. 801(d)(2)(E). But, to justify such admission, the prosecution must prove, by a preponderance of the evidence, that the defendant was in a conspiratorial relationship with the people who made the statements. *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987).

Bryant suggests that the district court erred when it determined that Bryant was a co-conspirator of the other drug traffickers. But Bryant offers only conclusory assertions on this point. She simply says that, "for sure," the prosecutors didn't show that Bryant was "in cahoots with the declarant." Appellant's Br. at 43. But prosecutors did make that showing. As the district court explained, the prosecution offered plenty of evidence that Bryant was a member of the drug conspiracy. This evidence included surveillance and wiretapped phone calls, which showed that Bryant was extensively involved in the drug trafficking scheme.

Thus, the district court did not err when it admitted the statements of Bryant's co-conspirators.

D.

Bryant's fourth challenge is a repeat of her first one. She again argues that the district court erred by not properly instructing the jury that Agent Platt was testifying in a dual role, as both an expert and fact witness. But as we've already explained, the district court did not err on this point.

III.

Although she does not list it as one of her numbered arguments, Bryant also objects to the district court's refusal to disclose the identity of Source #1—one of the confidential informants who provided the government with information that helped the government's investigation of the drug-trafficking operation. Bryant suggests that if she had been allowed to attack the credibility of Source #1, that might have made a difference to the jury. The district court disagreed. It prevented Bryant from eliciting testimony about the source's identity. We review the district court's ruling for abuse of discretion. *United States v. Doxey*, 833 F.3d 692, 706 (6th Cir. 2016).

The district court didn't abuse its discretion by allowing the government to conceal the identity of Source #1. The government has a limited "privilege to withhold from disclosure" the identity of anyone who provides information to law enforcement. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). Allowing the government to preserve an informant's anonymity serves to "encourage citizens to inform authorities about the commission of crimes." *United States v. Shanklin*, 924 F.3d 905, 913 (6th Cir. 2019). However, the government must disclose the informant's identity when disclosure "is relevant and helpful to the defense of an accused" or is "essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60–61.

Here, the confidential informant's identity was neither relevant to Bryant's defense nor important for determining her guilt or innocence. *See id.* In fact, as the district court concluded, Source #1's identity was irrelevant to the prosecution's case against Bryant. Source #1 didn't testify against Bryant or produce any evidence that was used against her. And "none of the conduct" charged in the indictment "was tied to any of the activities of Source 1." R. 880, Pg. ID 9122. Rather, Source #1 simply provided a tip that led the government to gather its own evidence against the drug-trafficking organization of which Bryant was a part, which in turn led the government to discover its own evidence against Bryant. Because Source #1 was "a mere tipster or introducer," the court properly refused to unmask the source's identity. *Doxey*, 833 F.3d at 707 (citation omitted). The district court was right to conclude that allowing testimony about the informant's identity "would have only served to confuse the jury." R. 880, Pg. ID 9122.

IV.

Throughout her brief, Bryant makes various other assertions in passing. For example, she writes that she is "for sure . . . contending" that "the sum and substance of the evidence here was . . . insufficient to support [her] conviction on any of the counts." Appellant's Br. at 4. But she has provided no argumentation in support of this and other assertions. *See United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009). Nor has she cited relevant legal authorities in support. *Youngblood v. Bd. of Commissioners of Mahoning Cnty.*, 847 F. App'x 267, 272 (6th Cir. 2021). Thus, to the extent that Bryant has mentioned other possible issues, she has forfeited them. *Novak v. City of Parma*, 33 F.4th 296, 312 (6th Cir. 2022) ("Issues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited."

(quotation omitted)); *cf.* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to provide "citations to the authorities and parts of the record on which [she] relies").

*   *   *

We affirm.